UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIAM ROBERT SHAW,

    Plaintiff,

    v.                                      Case No. 20-C-365

CITY OF MILWAUKEE, et al.,

    Defendants.

---

### ORDER GRANTING MOTION TO MODIFY JUDGMENT

---

Plaintiff William Robert Shaw, who is currently an inmate in the Milwaukee County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that County officers violated his constitutional rights by subjecting him to six separate strip searches when he was transferred from the general population to segregation for rule violations. On May 6, 2020, the court screened Shaw's complaint and found that Shaw failed to state a claim under the Fourth Amendment upon which relief could be granted. Because it appeared certain from the face of the complaint that amendment would be futile or otherwise unwarranted, the court dismissed the case and directed entry of judgment. On May 21, 2020, Shaw moved to amend or alter the judgment under Federal Rule Civil Procedure 59(e). He filed a second motion on June 3, 2020. Rule 59(e) requires a party to file a motion to alter or amend a judgment within 28 days of the court entering judgment. Shaw's motions are timely. Shaw also filed a motion to amend his complaint concurrently with his first and second motion to amend or alter the judgment.

Once a district court has entered final judgment dismissing a case, the plaintiff may not amend under Rule 15(a) unless the judgment is modified, either by the district court under Rule

59(e) or 60(b), or on appeal. *NewSpin Sports, LLC v. Arrow Electronics, Inc.*, 910 F.3d 293, 310 (7th Cir. 2018). Both Rules 59(e) and 60(b) authorize the extraordinary remedy of modifying a final judgment but only under exceptional circumstances. However, when a district court has taken the unusual step of entering judgment at the same time it dismisses the complaint, the court need not find other extraordinary circumstances to grant such relief but should instead apply the liberal standard for amending pleadings under Rule 15(a)(2). *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago. & Northwest Ind.*, 786 F.3d 510, 521 (7th Cir. 2015). It is that standard that the court will apply here.

Shaw filed with his first motion to alter the judgment a proposed amended complaint. Dkt. No. 13-1. The amended complaint appears identical to his original complaint, including the original signature page, with pages added in the middle. The new allegations Shaw introduces are 1) that the defendants recorded the six strip searches with surveillance cameras and 2) that three of the six strip searches were conducted in a freezing outdoor recreation holding area during winter months. Dkt No. 13-1 at ¶¶ 19, 45. His second motion to alter the judgment highlights the surveillance cameras and does not include the freezing temperatures. Dkt. No. 14. The actual motion for leave to file an amended complaint that accompanied his second motion to alter the judgment has a proposed complaint attached, but the attached complaint adds only two pages in the middle of the original complaint about Milwaukee County Jail's handling of the grievances he filed related to the strip-searches. Dkt. No. 15. It says nothing about surveillance or cold temperatures.

The Seventh Circuit has instructed district courts to give litigants, especially *pro se* litigants, an opportunity to amend their complaint at least once, unless it appears certain from the face of the complaint that any amendment would be futile or otherwise unwarranted. *Tate v. SCR*

2

*Medical Transp.*, 809 F.3d 343, 346 (7th Cir. 2015). In this case, the court found in screening Shaw's complaint that it failed to state a claim because it failed to allege anything suggesting that the routine strip searches to which Shaw was subjected were unreasonable under the Fourth Amendment. In so ruling, the court relied upon the Supreme Court's decision in *Florence v. Board of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318 (2012). There, the Court held that routine visual strip-searches of pretrial detainees upon admission to the general population of a jail are reasonable and justified by the institution's need to deter the possession of contraband and ensure the safety of staff and other inmates. *Id.* at 328. Though Shaw's complaint differed from the facts of *Florence* in that he was already in the general population and complained of being subjected to strip searches when placed in segregation, the use of a strip search on prison inmates entering segregation is expressly permitted under the Wisconsin Administrative Code. *See* Wis. Admin. Code § DOC 306.17(2). A policy of requiring inmates placed in segregation to undergo strip searches serves an important interest. "The search helps ensure that contraband does not enter the highly secured segregation units, where the most unruly offenders are housed." *Brooks v. Gloudemans*, Case No. 16–CV–77–JPS, 2017 WL 237622, at *5 (E.D. Wis. Jan. 19, 2017) (citing *Simpson v. Mason*, No. 13–cv–776–jdp, 2015 WL 5918928, at *13 (W.D. Wis. Oct. 9, 2015) (a staff-assisted strip search "serv[es] the legitimate penological purpose of keeping the prison secure by ensuring that no prisoner transports contraband")).

To be sure, an otherwise justified strip search of an inmate can constitute cruel and unusual punishment under the Eighth Amendment or, in the case of a pretrial detainee, an unlawful search under the Fourth Amendment. *See Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009). As Judge Stadtmueller explained in *Brooks*,

> This occurs when the search was motivated by a desire to harass or humiliate rather than by a legitimate justification, such as the need for order and security. *See*

3

> *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). Even when supported by penological justification, a search may still violate the Eighth Amendment if "conducted in a harassing manner intended to humiliate and cause psychological pain." *Mays*, 575 F.3d at 649. The Seventh Circuit has summarized that "where there is no legitimate reason for the challenged strip-search or the manner in which it was conducted, the search may 'involve the unnecessary and wanton infliction of pain' in violation of the Eighth Amendment." *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)).

2017 WL 237622, at *5. But Shaw's original complaint did not allege such motivation or misconduct on the part of the jail officers who conducted the searches. To the contrary, it appeared from the allegations of his complaint that the guards were simply following the policy of the jail. That's why it was dismissed and judgment was entered.

In the amended complaint accompanying his first motion to amend the judgment, Shaw added allegations that the strip searches were surreptitiously videotaped by surveillance cameras and that three of the searches were performed in an area exposed to cold temperatures. The mere fact that the searches were captured by surveillance cameras, however, absent any allegation that the video depictions were shown to unauthorized personnel or viewed for reasons unrelated to maintaining security, would not change the court's analysis. Given the allegations of misconduct that are sometimes lodged against officers by inmates undergoing such procedures, video recording the incident would appear to serve as a safeguard for both the inmate and the guard to protect each against abuse. *See Lewis v. Stephen*, No. 15-cv-051-jdp, 2016 WL 6638029, at *6 (W.D. Wis. Nov. 9, 2016) (noting that "video of the search does not lend much support for Lewis's version of the facts").

The allegation that at least some of the searches were conducted in freezing temperatures might be sufficient to state a claim as evidence of intent to harass or inflict suffering, *see, e.g.*, *Mays*, 575 F.3d at 649–50, but Shaw apparently abandoned that theory since no such allegations appear in the amended complaint that accompanied his second motion to modify the judgment.

4

The allegations in the second amended complaint that guards failed to properly handle the grievances he filed over the incidents do not add anything of significance to his claims. But it may be that Shaw can in good faith allege facts that may state a claim.

Based on the foregoing, the court will grant Shaw's motion and vacate the judgment of dismissal. The court's original order dismissing the complaint remains, but the dismissal is without prejudice and Shaw will be allowed one more chance to file an amended complaint, assuming he is able to do so, to cure the deficiencies noted above. An amended complaint must be filed on or before July 10, 2020. Failure to file an amended complaint within this time period may result in dismissal of this action.

Shaw is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the court will screen it in accordance with 28 U.S.C. § 1915A.

In sum, Shaw's motion to alter the judgment in this case (Dkt. No. 14) is granted. The judgment is vacated, and the screening order amended to reflect that the dismissal of the complaint is without prejudice. Shaw is given until July 10, 2020 to file an amended complaint. His earlier motion to alter the judgment (Dkt. No. 13) is denied as moot, and his motion for leave to file an amended complaint (Dkt. No. 15) is denied because his proposed amended complaint suffers from

5

the same defects as his original complaint. In the event Shaw fails to file an amended complaint on or before July 10, 2020, the case will be dismissed and final judgment will be entered.

**SO ORDERED** at Green Bay, Wisconsin this 8th day of June, 2020.

s/ William C. Griesbach<br>
William C. Griesbach, District Judge<br>
United States District Court