UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM ROBERT SHAW,

        Plaintiff,

    v.                              Case No. 20-C-365

CITY OF MILWAUKEE, et al.,

        Defendants.

## ORDER DENYING MOTIONS TO ADD PARTIES AND AMEND COMPLAINT

Plaintiff William Robert Shaw, a prisoner representing himself, filed a motion to add and substitute parties and a motion to amend the complaint to change the date of the incident that he alleges took place on January 5, 2019, to January 3, 2020. Shaw's operative amended complaint is 24 pages and contains over 65 paragraphs of allegations. It is impossible for the court or the defendants to determine from the contents of Shaw's motions what each of the new defendants is alleged to have done in violation of his rights. Shaw's motion will therefore be denied.

Civil Local Rule 15(a) states: "Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is allowed, the defendants will be required to file a new answer. To do

so, the amended complaint, like the original, must give each defendant clear notice of what he or she is alleged to have done that the plaintiff claims entitles him to relief.

The local rule also requires that a motion to amend a pleading state specifically what changes are sought by the proposed amendments and that the proposed amended pleading be filed as an attachment to the motion to amend. Civil L.R. 15(b). In other words, the court and the parties must be told what changes are being proposed and be able to see the amended complaint the plaintiff wishes to file before the court decides whether leave to file it should be granted. Shaw's motions fail to comply with these requirements.

Accordingly, the court denies Shaw's motion to add and substitute parties (Dkt. No. 29) and his motion for leave to amend the complaint (Dkt. No. 30) are **DENIED without prejudice**.

**SO ORDERED** at Green Bay, Wisconsin this 16th day of December, 2020.

s/ William C. Griesbach  
William C. Griesbach,  
United States District Judge