UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM ROBERT SHAW,

        Plaintiff,

v.                                                                            Case No. 20-C-365

DAVID SEEL, et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff William Robert Shaw is representing himself in this 42 U.S.C. §1983 action. On January 29, 2021, the Court allowed Shaw to amend his complaint to name twelve new defendants and to include additional facts supporting a policy claim against Defendant Milwaukee County. Dkt. No. 45. On July 28, 2021, Defendants filed a motion for summary judgment. Dkt. No. 94. A couple weeks later, Shaw filed, among other motions, a motion to strike Defendants' summary judgment motion. Dkt. No. 112. Shaw asserted that he had been misled by Defendants' counsel regarding discovery. He stated that counsel told him that Defendants would not respond to his discovery requests because, given the amended complaint, the Court would enter a new scheduling order. Shaw explained that he relied on counsel's representations and, as a result, did not have an opportunity to serve discovery requests on the new Defendants.

The Court initially denied Shaw's motion, but following a hearing on a motion for reconsideration, the Court denied Defendants' summary judgment motion without prejudice, reopened discovery, and set new discovery and dispositive motion deadlines. Further, after learning that Shaw no longer had many of his legal materials, the Court ordered Defendants to provide him with copies of all documents they had previously produced. *See* Dkt. No. 132.

The day after the hearing, on January 4, 2022, the Court received Shaw's "Motion for Judge William C. Griesbach (Griesbach, William) to Immediately Disqualify Himself for the Acts of Judicial Bias and Prejudice and Certification of Good Faith." Dkt. No. 134. Shaw argues that, by denying his original motion to strike Defendants' summary judgment motion, the Court condoned counsel's fraudulent conduct and prevented him from obtaining discovery to support his claims. The Court will deny Shaw's motion, which was obviously prepared prior to the hearing, because as noted the Court ultimately ruled in Shaw's favor.

As the Court explained at the hearing, Shaw has presented no evidence supporting a conclusion that counsel intentionally sought to deceive Shaw. It is not uncommon for courts to enter revised scheduling orders after an amended complaint is filed. Counsel was mistaken in assuming that the Court would do in this action, but making a mistake is not the same as trying to deceive someone. After Defendants filed their summary judgment motion, Shaw correctly raised the consequences of counsel's mistake to the Court, and the Court ultimately provided Shaw with the relief he sought. Their summary judgment motion was denied without prejudice and discovery was reopened. The Court went one step further and ordered Defendants to provide Shaw with copies of all documents that had already been produced, even though Defendants were not responsible for the removal of Shaw's legal materials.

In short, Shaw's accusations of bias and prejudice are baseless. The Court will deny his motion.

**IT IS THEREFORE ORDERED** that Shaw's motion for judge to disqualify himself (Dkt. No. 134) is **DENIED**.

Dated at Green Bay, Wisconsin this 6th day of January, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

2

Case 1:20-cv-00365-WCG   Filed 01/06/22   Page 2 of 2   Document 135