UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT WILLIAM SHAW,

    Plaintiff,

v.    Case No. 20-CV-365

DAVID SEEL,
PAUL HEIN,
RODGINA JONES,
KERRY TURNER,
MILWAUKEE COUNTY,
AWAD MOHAMED,
KEVIN TYLER,
DANIEL CARROLL,
SCOTT SOBEK,
JEFFREY ERICSON,
BRIAN ANDERSON,
EARL HOLLAND,
CO KENNEDY,
GREGORY WALKER,
CO VANG,
NOEL YBARRA, and
DANIEL KAMINSKI,

    Defendants.

## DEFENDANTS' PROPOSED FINDINGS OF MATERIAL FACT IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

Pursuant Civil L.R. 56(b)(1) and in support of their Motion for Summary Judgment, the defendants, David Seel, Paul Hein, Rodgina Jones, Kerry Turner, Milwaukee County, Mohamed Awad (incorrectly identified in the caption as "Awad Mohamed"), Kevin Tyler, Daniel Carroll, Scott Sobek, Jeffrey Erickson (incorrectly identified in the caption as "CO Kennedy"), Gregory Walker, Kongpheng Vang (identified in the caption as "CO Vang"), Brian Anderson and Daniel Kaminski, through their attorneys, Crivello Carlson, S.C., respectfully submit the following

Proposed Findings of Material Fact in support of their Motion for Summary Judgment. These proposed facts will be referred to as "Defendants' Proposed Findings of Fact" (DPFOF).

1. The Court has allowed William Shaw to proceed on a Fourth Amendment unreasonable search claim against the individual Defendants for conducting the "searches" in allegedly freezing temperatures, a *Monell* claim against Milwaukee County, and a claim for supervisory liability against Correctional Lieutenants Seel, Hein, Jones, and Turner. *See generally* (Order Screening Am. Compl., ECF No. 18.)

2. Paul Hein was employed by the Milwaukee County Jail in the early 2000s as a correctional officer. He currently works for the Jail as a Correctional Lieutenant, which includes, among other things, shift supervisory responsibilities over correctional officers at the Milwaukee County Jail. (Decl. of Paul Hein, July 28, 2021, ¶ 2.)

3. Some of the persons Lieutenant Hein supervised at the Milwaukee County Jail included Defendants Devon DJ Kanady, Kongpheng Vang, and Jeffrey Erickson. (Hein Decl. ¶ 3.)

4. Devon DJ Kanady was a correctional officer at the Milwaukee County Jail in 2018, 2019, and early 2020. He is no longer employed at the Milwaukee County Jail. Mr. Kanady was not involved with, did not assist in, and did not conduct any strip searches relating to Mr. Shaw. (Hein Decl. ¶ 4.)

5. Kohngpheng Vang was a correctional officer at the Milwaukee County Jail in 2018, 2019, and early 2020. He is no longer employed at the Milwaukee County Jail. Mr. Vang was not involved with, did not assist in, and did not conduct any strip searches relating to Mr. Shaw. (Hein Decl. ¶ 5.)

2

Case 1:20-cv-00365-WCG   Filed 09/23/22   Page 2 of 8   Document 164

6. Jeffrey Erickson was a correctional officer at the Milwaukee County Jail in 2018, 2019, and early 2020. He is no longer employed at the Milwaukee County Jail. Mr. Erickson was not involved with, did not assist in, and did not conduct any strip searches relating to Mr. Shaw. (Hein Decl. ¶ 6.)

7. Defendants Kerry Turner, David Seel, and Daniel Carroll were correctional lieutenants at all relevant times. (Decl. of Kerry Turner, July 28, 2021, ¶ 2.); (Decl. of David Seel, July 28, ¶ 2).

8. Defendants Ybarra, Jones, Anderson, Tyler, Walker, Awad, Erickson, Holland, Kanady, Kaminski, and Vang were correctional officers at all relevant times. (Decl. of Rodgina Jones, July 28, 2021, ¶ 2); (Decl. of Kevin Tyler, July 28, 2021, ¶ 2); (Decl. of Brian Anderson, July 28, 2021, ¶ 2); (Decl. of Gregory Walker, July 28, 2021, ¶ 2); (Hein Decl. ¶¶ 4-6); (Decl. of Daniel Kaminski, July 28, 2021, ¶ 2.) (Decl. of Earl Holland, July 28, 2021, ¶ 2) (Decl. of Mohamed Awad, July 28, 2021, ¶ 3); (Decl. of Noel Ybarra, July 28, 2021, ¶ 2.)

9. None of the named Defendants have specific recollections of witnessing, conducting, overseeing, assisting with, or ordering a change over with Mr. Shaw when he was asked to remove all of his clothing, including underwear and socks on the alleged dates in the Complaint. (Hein Decl. ¶ 33); (Jones Decl. ¶ 6); (Seel Decl. ¶ 7); (Tyler Decl. ¶ 5); (Turner Decl. ¶ 5); (Walker Decl. ¶ 5); (Kaminski Decl. ¶ 5); (Ybarra Decl. 5); (Anderson Decl. ¶ 5); (Awad Decl. ¶ 5); (Holland Decl. ¶ 7.)

10. None of the named Defendants have ever conducted strip searches of inmates or detainees, including Mr. Shaw, in Pod 4D—the disciplinary housing unit at the Milwaukee County Jail. (Hein Decl. ¶ 35); (Jones Decl. ¶ 8); (Kaminski Decl. ¶ 7); (Seel Decl. ¶ 9); (Tyler Decl. ¶ 7); (Turner Decl. ¶ 7); (Walker Decl. ¶ 7).

11. Mr. Shaw may have been asked to "change over" into disciplinary clothing or a suicide gown on one or more of the alleged dates. (Hein Decl. ¶ 9.)

12. A "change over" is a term for a Milwaukee County Jail practice or custom where inmates are asked to change into either red disciplinary clothing—when placed on discipline in Pod 4D—or a suicide gown—when placed on suicide watch in Pod 4D. (Hein Decl. ¶ 10.)

13. As a general practice, inmates are required to wear red disciplinary clothing when housed in Pod 4D on disciplinary or pending disciplinary status. (Hein Decl. ¶ 11.)

14. Inmates are sent to administrative segregation for committing a rule infraction in general population and are required to change over into red clothing to reflect the status change. This is due to the fact that inmates on discipline or pending discipline are not the only inmates who are housed in Pod 4D, so the clothing is used to quickly determine the classification of the inmate's status, both for the officers' and inmates' safety, as well as for the efficient administration of the Jail. (Hein Decl. ¶ 12.)

15. The Jail custom and practice is to provide the red disciplinary clothing or suicide watch gowns through the food chute of the detainee's/inmate's assigned cell door if the detainee is being cooperative and compliant with Jail staff orders. However, if the inmate/detainee is being uncooperative, he or she may be escorted to the recreation area of Pod 4D to change, depending on his or her level of resistance. (Hein Decl. ¶ 13.)

16. The only time a detainee/inmate is ordered to go to the back of the recreation area in Pod 4D to change into red disciplinary clothing or into a suicide gown is when the inmate/detainee is being combative and uncooperative. (Hein Decl. ¶ 14.)

17. Change overs are generally very quick and can take under a minute if the inmate/detainee is being cooperative. (Hein Decl. ¶ 15.)

4

Case 1:20-cv-00365-WCG   Filed 09/23/22   Page 4 of 8   Document 164

18. Change overs typically only take longer than one minute if the inmate/detainee is being uncooperative or combative and is refusing to change his or her clothing. (Hein Decl. ¶ 15.)

19. In other words, the amount of time needed to have the inmate/detainee change over into either disciplinary or suicide watch clothing is directly correlated with the inmate/detainee's level of compliance and overall behavior. (Hein Decl. ¶ 16.)

20. The order for the inmate to go to the back of the recreation area to change is given to preserve the safety and security of the facility, the inmate, and the officers, as the recreation area has more room (and fewer objects on which to hurt oneself). (Hein Decl. ¶ 17.)

21. The practice and custom at the Milwaukee County Jail is that, if the recreation room is under 50 degrees Fahrenheit, the officers will chose an alternative location to take the inmate/detainee for a change over, even if the inmate/detainee is being uncooperative. (Hein Decl. ¶ 18.)

22. The recreation area is inside, but does contain one louvered vent that allows ventilation and sunlight in the recreation area inside Pod 4D. (Hein Decl. ¶ 19.)

23. It is the practice and custom at the Milwaukee County Jail that, if inmates refuse to put on the red disciplinary clothing themselves, officers will assist the detainees/inmates in changing themselves. (Hein Decl. ¶ 20.)

24. All inmates placed on suicide watch are required to change over into a suicide gown. All clothing, including underwear, and property is then removed for the inmate's safety. (Hein Decl. ¶ 21.)

25. Generally, inmates who are at risk for suicide and inmates who are placed on suicide watch could potentially use their clothing as a means for self-harm. The clothing

5

provided to inmates on suicide watch is specifically designed to minimize the risk and opportunity for self-harm. (Hein Decl. ¶ 22.)

26. The typical custom and practice at the Milwaukee County Jail is that, unless an inmate or detainee is being uncooperative or combative, they are allowed to remove their own clothing when they are placed on either suicide watch or discipline. (Hein Decl. ¶ 23.)

27. The typical custom and practice at the Milwaukee County Jail is that inmates/detainees on suicide watch are given the suicide gown prior to being asked to remove their clothing so that they can use it to cover themselves while they remove their clothing, underwear, and socks underneath the suicide gown. (Hein Decl. ¶ 24.)

28. The typical custom and practice at the Milwaukee County Jail is that if the inmate/detainee is cooperative while he or she is asked to change over into disciplinary clothing or a suicide gown, the inmate/detainee is under the privacy of a blanket (that is held by the assisting officer) or the suicide gown itself. The correctional officer(s) assisting or conducting the change over does not look at or observe the inmate/detainee at all while he or she is unclothed. (Hein Decl. ¶ 25.)

29. During a typical change over at the Milwaukee County Jail, the officers do not look at or observe the inmate's/detainee's unclothed body to determine whether or not he or she is in possession of a weapon, as the officer would do during a strip search. (Hein Decl. ¶ 31.)

30. Ideally, as is generally the custom and practice of the Milwaukee County Jail, the officers do not have to look at the inmate's/detainee's unclothed body at any point during the change over if the inmate/detainee is being cooperative and is willing to change on his or her own without assistance from the officer(s). (Hein Decl. ¶ 32.)

31. At the Milwaukee County Jail, the purpose of a change over is merely to have the inmate/detainee change from general population clothing to either the disciplinary clothing or into the suicide gown. (Hein Decl. ¶ 26.)

32. The purpose of a change over is not to determine whether the inmate/detainee is in possession of a weapon or other contraband. (Hein Decl. ¶ 31.)

33. A change over is not a search. (Hein Decl. ¶ 27.)

34. A change over is not a strip search. (Hein Decl. ¶ 28.)

35. The custom and practice of the Milwaukee County Jail is to make an incident report if a strip search of an inmate/detainee was conducted. (Hein Decl. ¶ 29.)

36. There is no incident report or other record of a strip search of Mr. Shaw on any of the alleged dates associated with the above-captioned case. (Hein Decl. ¶ 30.)

37. As a matter of practice, custom, and policy, the Milwaukee County Jail does not perform strip searches in Pod 4D. (Hein Decl. ¶ 38.)

38. A strip search is conducted in an entirely different location and fashion and requires the use of special forms that must be read line by line to the inmate during the strip search. (Hein Decl. ¶ 39.)

39. As a practice and custom of the Milwaukee County Jail, strip searches cannot be and are not ordered without cause and without specific approval from the Sheriff or his designated deputy before the search occurs. (Hein Decl. ¶ 40.)

40. At no point did Mr. Shaw indicate during any of the change overs that he was cold or that he was feeling pain in his legs. (Holland Decl. ¶ 6.)

Dated this 23rd day of September, 2022.

                         By: /s Micaela E. Haggenjos
                             SAMUEL C. HALL, JR.
                             State Bar No. 1045476
                             BENJAMIN A. SPARKS
                             State Bar No. 1092405
                             MICAELA E. HAGGENJOS
                             State Bar No. 1118840
                             Attorneys for Defendant, Karen Konrad
                             CRIVELLO CARLSON, S.C.
                             710 N. Plankinton Avenue, Suite 500
                             Milwaukee, WI 53203
                             Phone: (414) 271-7722
                             Fax: (414) 271-4438
                             E-mail: shall@crivellocarlson.com
                                                bsparks@crivellocarlson.com
                                                mhaggenjos@crivellocarlson.com