UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIAM ROBERT SHAW,

    Plaintiff,

v.                                       Case No. 20-C-365

DAVID SEEL, et al.,

    Defendants.

---

## ORDER

---

Plaintiff William Robert Shaw, who is representing himself, is proceeding on claims that Defendants subjected him to unreasonable strip-searches at the Milwaukee County Jail and have a "custom or policy" pursuant to which they violated his constitutional rights. Dkt. No. 46. Discovery closed August 22, 2022, and dispositive motions were due September 23, 2022. Dkt. No. 142. On September 23, 2022, Defendants timely filed a motion for summary judgment. Dkt. No. 162. Shaw's materials in response to the motion are currently due December 1, 2022. Dkt. No. 180.

On October 4, 2022, the Court held a telephone status conference to discuss Shaw's then pending motion to compel discovery and motion for extension of time to conduct discovery. Dkt. Nos. 146, 151, 179, & 180. In the motion to compel, Shaw stated that he was still waiting on the following discovery: (1) a list of all inmates in segregation between 2017 and 2020; (2) contact information for a correctional officer witness; (3) various photos of the segregation unit layout; and (4) video footage of his segregation cage/recreation cage showing strip-searches during the relevant time period. Dkt. No. 146. The Court denied the first three requests as overbroad and/or

contrary to legitimate security interests, but it ordered Defendants to go back and check whether videos exist of Shaw or other inmates being strip-searched during the relevant time period. Dkt. No. 180. The Court ordered that, if such videos exist, they should be produced, and Defendants could move for a protective order, if necessary. *Id*.

On October 18, 2022, Defendants filed a letter indicating that the jail was able to confirm that no videos exist (or have ever existed) of Shaw being changed-over or strip-searched at the jail. Dkt. No. 182. Defendants stated that, in order to check whether there are videos of other inmates being changed-over or strip-searched, the jail would have to search for videos under each inmate's name, which would be manual and time consuming. *Id*. Defendants further stated that there are no other outstanding discovery requests. *Id*.

Shaw has since filed three more motions to compel discovery seeking (1) a copy of the Milwaukee County Jail Facilities Training Manuel; (2) jail logs of housing unit 5C and floor controls for the dates of February 14 and 15, 2019; and (3) videotape evidence of Shaw and other inmates being strip-searched from the previous nine months. Dkt. Nos. 181, 183, & 186. The Court will deny the motions. First, Defendants mailed to Shaw a copy of the Milwaukee County Jail Facilities Training Manuel on October 18, 2022. Dkt. No. 191 at 11. Second, the Court previously denied Shaw's request for jails logs and floor controls as overbroad and/or contrary to legitimate security concerns. Dkt. No. 180. And third, no videos exist of Shaw being strip-searched. Dkt. No. 182. Defendants cannot produce what does not exist. Given that Wis. Stat. § 968.255(2)(c) prohibits reproduction of such a search through visual or sound recording, it is not surprising that no such video exists. This also supports the finding that Shaw's request that defendants search for videos of other inmates being strip-searched at the jail is not proportional to the needs of the case. It is unreasonable and unduly burdensome to ask the jail to manually check

2

videotape footage of every inmate who was in segregation during a nine-month period. The Court will therefore deny the motions to compel and the motion for extension of time to conduct discovery. The Court will, however, extend Shaw's deadline to file a response to Defendants' motion for summary judgment to January 3, 2023.

On October 31, 2022, Shaw filed a motion for judicial disqualification or in the alternative a change of venue to Milwaukee. Dkt. No. 189. This is the third time Shaw has asked for a new judge in this case. *See* Dkt. Nos. 42, 134, & 189. Shaw states that the Court is unfairly compromising his civil cases due to racial discrimination. Dkt. No. 189 at 1. With respect to this case, Shaw states that the Court allegedly gave legal advice to Defendants during the October 4, 2022, motion hearing on "how to litigate against Shaw." *Id*. at 2. The Court was also allegedly rude and disrespectful to Shaw during that hearing. *Id*. In *Shaw v. County of Milwaukee*, *et al*., Case No. 22-C-97 (E.D. Wis.), the Court allegedly ordered him to respond to a motion to compel that was premature. *Id*. Shaw states that when he made the same mistake in a different case, the Court denied his motion. *Id*. And in *Shaw v. City of Milwaukee*, Case No. 20-C-1544 (E.D. Wis.), the Court allegedly made him relitigate an issue that was already argued and decided in a different case, *Collins v. City of Milwaukee*, *et al*., Case No. 17-C-234 (E.D. Wis.). *Id*. at 3. Shaw had to conduct the "same and/or similar discovery" but was limited to obtaining records that were less than 100 pages, otherwise he had to pay a fee. *Id*. The Court also denied his request for a settlement conference. Dkt. No. 190 at 3. Shaw asks for a new judge or to change venue to the Milwaukee Division. Dkt. No. 189.

Shaw's accusations of bias and prejudice are baseless. First, during the October 4, 2022, motion hearing, the Court ordered Defendants to go back and check whether the videotape evidence Shaw wanted actually existed. In other words, it attempted to assist him in acquiring the

3

evidence he wanted for his *Monell* claim. Ultimately, the videotape evidence he wanted did not exist, or was too burdensome to acquire, but that does not mean that the Court is "always being in favor to Defendants." *See* Dkt. No. 190 at 1. Shaw also claims that the Court instructed Defendants to conduct a deposition to ask about weather temperatures, *see id*. at 2, but that motion hearing did not involve a discussion of depositions, *see* Dkt. No. 180. To the extent Shaw believes the Court was rude and disrespectful, the Court has a duty to control its legal proceedings, and it has the authority to limit arguments to keep the case on track. The Court was well within its discretion to limit Shaw's arguments during the hearing.

Second, with respect to Case No. 22-C-97, it is common practice to ask parties to respond to a motion when that specific motion needs a response. That a different motion in a different case filed under different circumstances did not require a response does not show bias or prejudice. Each motion and each case is different.

Third, with respect to Case No. 20-C-1544, Shaw is required to litigate his own case. He cannot claim that *Collins v. City of Milwaukee* has already resolved the case in his favor. Shaw must also finance his own litigation, and there is nothing improper about having to pay a fee for records that are over 100 pages. The City of Milwaukee has an Ordinance that requires fees for documents, and other litigants have to pay for all of their records. Shaw must only pay for those that are voluminous. Further, the Court is not involved in settlement discussions, so Shaw must directly contact Defendants to make a settlement offer.

Finally, Shaw notes that the Court keeps inquiring about when his underlying criminal cases are going to trial. Dkt. No. 190. He believes this is suspicious because the Court is "keenly interested in the outcome of the matter." *Id*. at 3. But the Court is inquiring about his criminal trial for purposes of scheduling and determining whether he will remain in the Milwaukee County

4

Jail. To the extent this case goes to trial, the Court seeks to avoid conflicts with his underlying criminal trial. The Court will deny the motion for judicial disqualification or in the alternative a change of venue to Milwaukee.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for extension of time to complete discovery (Dkt. No. 151) is **DENIED**; Plaintiff's motions to compel (Dkt. Nos. 181, 183, & 186) are **DENIED**; and Plaintiff's motion for judicial disqualification or in the alternative a change of venue to Milwaukee (Dkt. No. 189) is **DENIED**.

**IT IS FURTHER ORDERED** that the deadline to respond to Defendants' motion for summary judgment is extended to **January 3, 2023**.

Dated at Green Bay, Wisconsin this 18th day of November, 2022.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge